UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| SENTRY SELECT INSURANCE COMPANY,<br>  *Plaintiff,*<br>v.<br><br>CHRISTIAN ULISES RUIZ; RUDOLPH CHEVROLET, LLC; RUDOLPH AUTOMOTIVE, LLC d/b/a RUDOLPH MAZDA; MARCELO FLORES; and LYNN CRAWFORD,<br><br>  *Defendants.*<br><br>CHRISTIAN ULISES RUIZ; RUDOLPH CHEVROLET, LLC; RUDOLPH AUTOMOTIVE, LLC d/b/a RUDOLPH MAZDA,<br><br>  *Third-Party Plaintiffs,*<br>v.<br><br>NORTH AMERICAN CAPACITY INSURANCE COMPANY,<br><br>  *Third-Party Defendant.* | §§§§§§§§§§§§§§§§§§§§§§§§§§<br><br>EP-16-CV-00376-DCG |

## MEMORANDUM OPINION AND ORDER

Presently before the Court is Third-Party Defendant North American Capacity Insurance Company's ("North American") "Motion to Compel Arbitration and Brief in Support" (ECF No. 22) ("Motion"). For the reasons that follow, the Court **GRANTS** in part and **DENIES** in part North American's Motion.

# I. BACKGROUND

On August 16, 2016, Plaintiff Sentry Select Insurance Company ("Sentry") filed a declaratory judgment complaint before this Court against Defendants Christian Ulises Ruiz ("Ruiz"), Rudolph Chevrolet, LLC ("Rudolph Chevrolet"), Rudolph Automotive, LLC d/b/a Rudolph Mazda ("Rudolph Mazda"), Marcelo Flores ("Flores"), and Lynn Crawford ("Crawford") (collectively, "Defendants"). *See* Pet. for Declaratory J., ECF No. 1. Therein, Sentry claims, and seeks declarations, that under a garage policy (hereinafter, the "Sentry Policy") it issued to Rudolph Chevrolet, LLC, it has no duty to defend or indemnify Defendants in connection with a lawsuit entitled *Andrea Juarez, individually and as Permanent Guardian of Irma Vanessa Villegas, an incapacitated person* v. *Christian Ulises Ruiz, et. al.*, Cause No. 2015-DCV-0473, which is pending in the 384th Judicial District Court, El Paso, County, Texas (hereinafter, the "Underlying Lawsuit"). *Id.* ¶¶ 7, 33(B). The Underlying Lawsuit involves a 2013 auto accident that occurred on Rudolph Mazda's parking lot: a car driven by Ruiz struck Irma Vanessa Villegas (the plaintiff in the Underlying Lawsuit), causing her injuries. *Id.* ¶ 9. At the time of the accident, Ruiz and Villegas were employees of Rudolph Chevrolet or Rudolph Mazda, and had consumed alcohol; Rudolph Chevrolet's managers, Flores and Crawford, allegedly provided the alcohol. *See id.*

On November 14, 2016, Defendants filed their "Original Answer and Christian Ulises Ruiz, Rudolph Chevrolet, LLC, and Rudolph Automotive, LLC d/b/a Rudolph Mazda's Counter-Claim and Third-Party Petition for Declaratory Judgment" (ECF No. 12) ("Rudolph's Answer"). Therein, Ruiz, Rudolph Chevrolet, and Rudolph Mazda (collectively "Rudolph") assert a counterclaim for declaratory judgment against Sentry and a claim for declaratory judgement against North American, which issued an indemnity policy (hereinafter "Nation American

Policy") to Rudolph Chevrolet and includes coverage for Rudolph Mazda. Rudolph's Answer ¶ 8. ECF No. 12. Rudolph alleges that either or both the Sentry Policy and the North American Policy covers the claims made in the Underlying Lawsuit and therefore, both Sentry and North American have a duty to defend and/or indemnity Rudolph. *Id.* ¶ 17. North American filed its "Original Answer of North American Capacity Insurance Company" (ECF No. 20), denying any such duty. On April 6, 2017, North American filed the instant Motion.

## II. DISCUSSION

By its Motion, North American asks the Court to compel arbitration of (1) Rudolph's claims against North American (hereinafter the "Rudolph-North American Claims") and (2) Sentry's claims against Defendants and Rudolph's counterclaims against Sentry (hereinafter the "Sentry-Defendants Claims"). Mot. at 13. In the "Certificate of Conference" section of the Motion, North American states that Sentry is opposed to arbitration and that Rudolph is not opposed to arbitration so long as "all of the claims in this action" are compelled to arbitration. Mot. at 14. Neither Sentry, nor Rudolph, filed a response to North American's Motion.

### A. Request to Compel Arbitration of the Rudolph-North American Claims

Pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.* (the "FAA"), North American seeks to compel arbitration of Rudolph's claims against North American, *i.e.*, the Rudolph-North American Claims, as provided under an arbitration clause in the North American Policy. The FAA requires the Court to enforce an arbitration agreement in the same manner that it would enforce any other contract. *See* 9 U.S.C. §§ 1–16; *Specialty Healthcare Mgmt., Inc. v. St. Mary Par. Hosp.*, 220 F.3d 650, 654 (5th Cir. 2000). Specifically, the FAA provides that:

> A party aggrieved by the alleged failure . . . of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction . . . for an order directing that such arbitration proceed in the manner provided for in such agreement.

9 U.S.C. § 4.

In ruling on a motion to compel arbitration, a district court conducts a two-step analysis. *Washington Mut. Fin. Grp., LLC v. Bailey*, 364 F.3d 260, 263 (5th Cir. 2004). First, the court must "determine whether parties agreed to arbitrate the dispute." *Klein v. Nabors Drilling USA L.P.*, 710 F.3d 234, 236 (5th Cir. 2013). That determination is guided by two questions "'(1) is there a valid agreement to arbitrate the claims and (2) does the dispute in question fall within the scope of that arbitration agreement?'" *Klein*, 710 F.3d at 236 (quoting *Sherer v. Green Tree Servicing LLC*, 548 F.3d 378, 381 (5th Cir. 2008)). Federal courts apply state law contract principles when determining the validity of an agreement to arbitrate. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 258 (5th Cir. 1996) (*per curiam*). Second, once the court finds that the parties did agree to arbitrate, it must then "consider whether any federal statute or policy renders the claims nonarbitrable." *Washington Mut. Fin. Grp., LLC*, 364 F.3d at 263.

Here, Rudolph Chevrolet and Rudolph Mazda, as insureds, are a party to the North American Policy, *see* App. in Supp. of Mot. at 6, 32, ECF No. 22-1, and so is North American, *id.* at 25. The policy provides, in relevant part:

> In the event of any dispute, controversy or claim between you and us . . . *related to or arising out of matters covered by this policy* . . . will be finally settled by binding arbitration pursuant to the procedures set forth in this arbitration provision.
>
> The scope of this arbitration provision includes, but is not limited to, *the performance of the respective obligations* of you and us under this policy, *any questions of interpretation* of any article, clause, or other provision of this policy, . . . or any claim for violation of any state, federal, or governmental law, statute, regulation or ordinance . . . .

*Id.* at 22 (§ IX.F ("Binding Arbitration")) (emphasis added). Further, the policy provides, "[w]e have no duty or obligation to defend you under this policy. Provided you comply with the

provisions of paragraph II.F. below, we shall indemnify you . . . for all reasonable and necessary defense costs." App. in Supp. of Mot. at 11 (§ II.E). Rudolph claims that North American has a duty to defend and/or indemnify Rudolph. Rudolph's Answer at 6.

North American contends that the scope of the arbitration provision is very broad, and that the Rudolph-North American Claims fall within that scope. *See* Mot. ¶¶ 13, 14. It therefore argues that the Rudolph and North American agreed to arbitrate their disputes at issue in this case. *See id.* ¶¶ 2, 15. Rudolph has not filed a brief in response to the instant Motion. *See* Local Rule CV-7(e) ("If there is no response filed within the time period prescribed by this rule, the court may grant the motion as unopposed."). Accordingly, and upon review of Rudolph's Answer and the relevant provisions in the North American Policy, the Court finds that Rudolph and North American agreed to arbitrate. Moreover, there is no evidence of any federal statute or policy that would prevent these claims from being arbitrable. Therefore, the Rudolph-North American Claims should be subjected to arbitration.

## B. Request to Compel Arbitration of the Sentry-Defendants Claims

North American also asks the Court to compel arbitration of Sentry's claims against Defendants and Rudolph's counterclaim against Sentry, *i.e.*, the Sentry-Defendants Claims. As a ground for the request, North American relies on the "intertwined claims" theory of equitable estoppel adopted in *Grigson v. Creative Artists Agency, L.L.C.*, 210 F.3d 524 (5th Cir.2000). Mot. ¶ 9.[1] Under *Grigson*, equitable estoppel "can be applied to require a signatory to arbitrate a

---

[1] North American says that based on the express language of the North American Policy, the FAA, not state arbitration law, applies here. Mot. ¶ 9; *see also id.*, Ex. A, § IX.F ("You and we agree that the Federal Arbitration Act and related federal judicial procedure will govern arbitration as set forth in this provision to the fullest extent possible, and *state arbitration law will not apply.*" (emphasis added)). *Cf. Pershing, LLC v. Bevis*, 606 F. App'x 754, 756 & n.5 (5th Cir. 2015) ("The Supreme Court made clear in *Arthur Andersen LLP v. Carlisle*[,556 U.S. 624 (2009),] that equitable-estoppel claims are matters of state contract law." (citing *Crawford Prof'l Drugs, Inc. v. CVS Caremark Corp.*, 748 F.3d 249, 261–62 (5th Cir. 2014) ("*Arthur Andersen* instructs that a non-signatory to an arbitration agreement may

claim against a nonsignatory if the signatory's claims against a nonsignatory rely on the existence and terms of a written agreement which contains an arbitration provision." *Vinewood Capital, LLC. v. Dar Al-Maal Al-Islami Tr.*, 295 F. App'x 726, 730–31 (5th Cir. 2008) (*per curiam*) (citing *Grigson*, 210 F.3d at 527). "Equitable estoppel also applies when a signatory to a contract containing an arbitration clause claims substantially interdependent and concerted misconduct by a nonsignatory and a signatory to the contract." *Id.* (same). In *Grigson*, "[p]rinciples of estoppel were applied against *signatories to the arbitration agreement* to prevent unfair gamesmanship." *USHealth Grp., Inc. v. South*, 636 F. App'x 194, 199 (5th Cir. 2015) (*per curiam*) (emphasis in original); *see also Grigson*, 210 F.3d at 528 ("[A] signatory to that agreement . . . cannot, on the one hand, seek to hold the non-signatory liable pursuant to duties imposed by the agreement, which contains an arbitration provision, but, on the other hand, deny arbitration's applicability because the defendant is a non-signatory.").

Since *Grigson* was decided, the Fifth Circuit has made clear that "this version of estoppel only applies to keep a *signatory* from avoiding its arbitration agreement." *USHealth Grp., Inc.*, 636 F. App'x at 199 (emphasis in original) (citing *Bridas S.A.P.I.C. v. Gov't of Turkmenistan*, 345 F.3d 347, 361 (5th Cir. 2003)); *see also Janvey v. Alguire*, 847 F.3d 231, 242 (5th Cir. 2017) (*per curiam*) ("The 'intertwined claims' theory governs motions to compel arbitration when a signatory-plaintiff brings an action against a nonsignatory-defendant asserting claims dependent on a contract that includes an arbitration agreement that the defendant did not sign."). More, the Fifth Circuit clarified that "the reverse does not hold true: a signatory *may not* use the same logic

---

compel a signatory to that agreement to arbitrate based on, *inter alia*, equitable estoppel if the relevant state contract law so permits. Consequently, prior decisions allowing non-signatories to compel arbitration based on federal common law, rather than state contract law . . . have been modified to conform with *Arthur Andersen*.")).

to estop a non-signatory from avoiding arbitration." *USHealth Grp., Inc.*, 636 F. App'x at 199 (emphasis added) (citing *Bridas S.A.P.I.C.*, 345 F.3d at 361)).

*Grigson*'s equitable estoppel theory does not apply here. North American and Rudolph (more specifically, Rudolph Chevrolet and Rudolph Mazda) are signatories to the agreement containing the arbitration clause, *i.e.*, the North American Policy, on which North American attempts to rely. App. in Supp. of Mot. at 6, 25, 32. However, Sentry is a non-signatory to that agreement. Further, Sentry opposes arbitration. Mot. at 14. Consequently, the Court denies North American's request to compel the Sentry-Defendants Claims to arbitration. *See Janvey*, 847 F.3d at 242 ("The 'intertwined claims' theory . . . does not govern the present case, where a signatory-defendant seeks to compel arbitration with a nonsignatory-plaintiff.").

As an additional or alternative ground for arbitration, North American appeals to this Court's "inherent discretion." Mot. ¶¶ 22–23. Assuming without deciding that the Court has such discretion to compel Sentry to arbitration, it declines to exercise it here. *See Al Rushaid v. Nat'l Oilwell Varco, Inc.*, 757 F.3d 416, 424 (5th Cir. 2014) (hereinafter *Al Rushaid I*) ("'In order to be subject to arbitral jurisdiction, a party must generally be a signatory to a contract containing an arbitration clause.'" (quoting *Bridas S.A.P.I.C.*, 345 F.3d at 353)); *Vinewood Capital, LLC.*, 295 F. App'x at 730 ("Although there is a strong and liberal policy favoring arbitration and the enforcement of arbitration agreements, 'courts may require a party to submit a dispute to arbitration only if the party has expressly agreed to do so.'" (quoting *Pers. Sec. & Safety Sys., Inc. v. Motorola Inc.*, 297 F.3d 388, 392 (5th Cir. 2002))).

Finally, North American requests that the Court stay "the claims in this case," that is, the claims asserted by *all* parties. *See* Mot. ¶ 24. It argues that disposition of the Sentry-Defendants Claims and that of the Rudolph-North American Claims depend on the resolution of the same

factual issue pending in the Underlying Lawsuit: *i.e.*, whether the incident and injuries occurred in the scope of the employment of Ruiz and Villegas. *See id.* ¶¶ 18, 24. Although each set of claims may depend on the resolution of that factual issue, there is nothing, and North American has not pointed to anything, to suggest that the disposition of the Sentry-Defendants Claims is contingent upon the disposition of the Rudolph-North American Claims.

Consequently, the Court denies North American's request to stay the Sentry-Defendants Claims. *See Al Rushaid I*, 757 F.3d at 424 ("Our conclusion [that the claims between two signatories should be subjected to arbitration] does not, however, necessarily require the district court to compel any of the other parties to arbitrate their dispute *or to stay proceedings*." (emphasis added)); *see also Al Rushaid v. Nat'l Oilwell Varco, Inc.*, 814 F.3d 300, 306 (5th Cir. 2016) (hereinafter *Al Rushaid II*) (That the claims would be split among multiple arbitrations and court proceeding "is an inevitable and permissible consequence where one of multiple defendants asserts a right to arbitrate." (citing *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 220–21 (1985) (noting that private arbitration agreements must be enforced even if the result is piecemeal or bifurcated litigation))). If North American "had truly prioritized [its] desire to try the case efficiently, [it] could have foregone arbitration." *Cf. Al Rushaid II*, 814 F.3d at 306. However, because the Court grants North American's request to compel arbitration of the Rudolph-North American Claims, it will stay all proceedings as to these claims, pending the outcome of arbitration.

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Third-Party Defendant North American Capacity Insurance Company's "Motion to Compel Arbitration and Brief in Support" (ECF No. 22) is **GRATNED IN PART and DENIED IN PART**. The motion is

**GRANTED** as to North American's request to compel arbitration of Christian Ulises Ruiz, Rudolph Chevrolet, LLC, and Rudolph Automotive, LLC's claims against North American and **DENIED** as to North American's all other requests.

**IT IS THEREFORE ORDERED** that Christian Ulises Ruiz, Rudolph Chevrolet, LLC, and Rudolph Automotive, LLC **MUST SUBMIT** to arbitration their claims against North American in accordance with the applicable provisions of the North American Policy. All proceedings in this case regarding *these* claims are hereby **STAYED**, pending the outcome of arbitration. Christian Ulises Ruiz, Rudolph Chevrolet, LLC, and Rudolph Automotive, LLC, and North American (collectively, the arbitration parties) **SHALL MOVE** to lift the stay within **30 days** after the conclusion of arbitration. In the event that arbitration is not concluded within **one year** from the date of entry of this Opinion and Order, the arbitration parties **SHALL FILE** a status report with the Court **every sixty (60) days** until arbitration is concluded.

So ORDERED and SIGNED this 20th day of June 2017.

DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE