UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| SENTRY SELECT INSURANCE COMPANY,<br>　　　*Plaintiff,*<br>v.<br><br>CHRISTIAN ULISES RUIZ; RUDOLPH CHEVROLET, LLC; RUDOLPH AUTOMOTIVE, LLC d/b/a RUDOLPH MAZDA; MARCELO FLORES; and LYNN CRAWFORD,<br><br>　　　*Defendants.*<br>_____<br>CHRISTIAN ULISES RUIZ; RUDOLPH CHEVROLET, LLC; RUDOLPH AUTOMOTIVE, LLC d/b/a RUDOLPH MAZDA,<br><br>　　　*Third-Party Plaintiffs,*<br>v.<br><br>NORTH AMERICAN CAPACITY INSURANCE COMPANY,<br><br>　　　*Third-Party Defendant.* | §§§§§§§§§§§§§§§§§§§§§§§§§§§§§§<br><br>EP-16-CV-00376-DCG |

## **MEMORANDUM ORDER**

Pending before the Court is Plaintiff Sentry Select Insurance Company's ("Sentry") "Motion to Reopen Case" (ECF No. 54). Sentry requests that the Court reopen the case so that it may file, pursuant to Federal Rule of Civil Procedure 54(b), a motion for reconsideration that, in turn, would ask the Court to reconsider its decision made nearly three years ago. For the reasons that follow, the Court denies the motion to reopen.

## I. BACKGROUND

On August 16, 2016, Sentry brought this diversity action, seeking declaratory relief pursuant to 28 U.S.C. § 2201 against, among others, Defendants Rudolph Automotive, LLC d/b/a Rudolph Mazda, and Rudolph Chevrolet, LLC (collectively, the "Rudolph Entities"). It sought declarations that under an insurance policy it issued, it had no duty to defend or indemnify the Rudolph Entities in a state-court lawsuit styled as *Andrea Juarez, individually and as Permanent Guardian of Irma Vanessa Villegas, an incapacitated person* v. *Christian Ulises Ruiz, et. al.*, Cause No. 2015-DCV-0473, brought in the 384th Judicial District Court, El Paso County, Texas (hereinafter, the "Underlying Lawsuit").

The Underlying Lawsuit, which was initiated in February 2015, arose from a vehicle-pedestrian accident that occurred on the Rudolph Entities' parking lot on December 27, 2013. The accident involved Christian Ulises Ruiz and Irma Vanessa Villegas—both employees of the Rudolph Entities at the time. While driving his truck, Ruiz struck Villegas, who was walking on foot, and Villegas sustained injuries to her head, neck, and other parts of her body. Andrea Juarez, individually and on behalf of Villegas, sued the Rudolph Entities for Ruiz's negligence under the *respondeat superior* theory of liability.

Before this Court, the parties requested a trial on written submissions and stipulated facts. On February 1, 2018, their trial briefing was completed, and on June 20, 2018, the Court issued its "Findings of Fact and Conclusions of Law" (ECF No. 50). Therein, the Court declared that Sentry has a duty to defend the Rudolph Entities in the Underlying Lawsuit, but deferred ruling on the duty to indemnification issue until the Underlying Lawsuit is resolved. Findings of Fact & Conclusions of Law at 19–20, ECF No. 50; *see also Sentry Select Ins. v. Ruiz*, 324 F. Supp. 3d

874, 887 (W.D. Tex. 2018). On the same day, the Court administratively closed the case pending resolution of the Underlying Lawsuit. *Sentry Select*, 324 F. Supp. 3d at 887.

On July 19, 2018, Sentry appealed that decision. On May 23, 2019, the Fifth Circuit dismissed Sentry's appeal for lack of appellate jurisdiction. *Sentry Select Ins. v. Ruiz*, 770 F. App'x 689, 691 (5th Cir. 2019). The Fifth Circuit explained that by administratively closing the case, this Court retained jurisdiction, and that reservation of jurisdiction precluded appellate jurisdiction. *Id.* at 690 (cleaned up).

On January 10, 2021, Sentry filed the instant motion to reopen the case. The Rudolph Entities filed a response (ECF No. 55), and Sentry followed by filing a reply (ECF No. 56).

## II.  STANDARD

### A. Reopening Administratively Closed Cases

Administrative closings "perform[ ] docket management." *Sw. Elec. Power Co. v. Certain Underwriters at Lloyds of London*, 772 F.3d 384, 388 (5th Cir. 2014). They are used "in circumstances in which a case, though not dead, likely to remain moribund for an appreciable period of time," *Papotto v. Hartford Life & Acc. Ins.*, 731 F.3d 265, 275 (3d Cir. 2013) (cleaned up). "[A]dministratively closing a case is not a dismissal or final decision." *S. La. Cement, Inc. v. Van Aalst Bulk Handling, B.V.*, 383 F.3d 297, 302 (5th Cir. 2004). The district court "can 'reopen the case—either on its own or at the request of a party—at any time.'" *Ruiz*, 770 F. App'x at 690 (quoting *Papotto*, 731 F.3d at 275).

### B. Motion for Reconsideration

Federal Rule of Civil Procedure 54(b) governs reconsideration of interlocutory orders. *Six Dimensions, Inc. v. Perficient, Inc.*, 969 F.3d 219, 227 (5th Cir. 2020). Rule 54(b) provides, in relevant part: "any order or other decision, however designated, that adjudicates fewer than all

the claims . . . does not end the action as to any of the claims . . . and may be revised at any time before the entry of a judgment adjudicating all the claims." Fed. R. Civ. P. 54(b). It is "less stringent" and "more flexible" than Rule 59(e), which governs motions to alter or amend a final judgment. *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336–37 (5th Cir. 2017). Under Rule 54(b), a trial court is free to reconsider and "amend interlocutory orders for any reason [it] deem[s] sufficient before final judgment is entered," *Koerner v. CMR Constr. & Roofing, L.L.C.*, 910 F.3d 221, 227 (5th Cir. 2018)—"even in the absence of new evidence or an intervening change in or clarification of the substantive law," *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990) (citing Fed. R. Civ. P. 54(b)), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994) (en banc).

The decision of whether to grant or deny a Rule 54(b) motion for reconsideration is committed to the sound discretion of the trial court. *See McClendon v. United States*, 892 F.3d 775, 781 (5th Cir. 2018) ("[W]e typically review the denial of a motion for reconsideration, whether under Rule 54(b) or Rule 59(e), for abuse of discretion."); *Smith v. H. E. Butt Grocery Co.*, 992 F.2d 324, 1993 WL 152106, at *2 (5th Cir. 1993) (unpublished precedent per Fifth Cir. R. App. P. 47.5.3) (concluding that district court did not abuse its discretion in granting Rule 54(b) motion for reconsideration); *Holoway v. Triola*, 172 F.3d 866, 1999 WL 129656, at *1 (5th Cir. 1999) (unpublished) ("It is a well established rule of trial procedure that a district court may reconsider and reverse a previous interlocutory order at its discretion." (citing Fed. R. Civ. P. 54(b))).

### III. DISCUSSION

Sentry moves to reopen the case so that it may file a motion for reconsideration of the Court's prior ruling that Sentry has a duty to defend the Rudolph Entities in the Underlying

Lawsuit. The parties have briefed on the basis for Sentry's prospective motion for reconsideration in sufficient details such that the Court may evaluate it on this posture. Specifically, Sentry's motion for reconsideration turns on the meaning of the phrase "in the course of . . . [e]mployment" as used in the employer liability exclusion provision of the policy. The provision provides, in relevant part: "'This insurance does not apply to . . . 'Bodily injury' to[ ] [a]n 'employee' of the 'insured' arising out of and *in the course of*: (1) *Employment* by the 'insured'; or (2) Performing the duties related to the conduct of the "insured's business[.]'" *Sentry Select*, 324 F. Supp. 3d at 879 (quoting policy) (emphasis added; alterations in original).

Given the long lapse of time since the Court decided the duty to defend issue, it is helpful to begin with a brief recount of the parties' trial arguments and the Court's ruling as relevant to Sentry's arguments on the instant motion. Before trial, Sentry urged the Court to construe the policy's "in the course of employment" language in parity with the statutory phrase "in the course and scope of employment" in the Texas Workers' Compensation Act, Pl.'s Tr. Br. at 16–18, ECF No. 44; Pl.'s Resp. to Defs.' Tr. Br. at 5, ECF No. 47; *see also* Tex. Lab. Code Ann § 401.0112(12) (defining "Course and scope of employment").[1] Specifically, Sentry invited the

---

[1] The Act provides for liability "for compensation for an employee's injury without regard to fault or negligence if: (1) at the time of injury, the employee is subject to this subtitle; and (2) the injury arises out of and in *the course and scope of employment*." Tex. Lab. Code Ann § 406.031 (emphasis added)). It defines "Course and scope of employment" as "an activity of any kind or character that has to do with and originates in the work, business, trade, or profession of the employer and that is performed by an employee while engaged in or about the furtherance of the affairs or business of the employer." *See also* Tex. Lab. Code Ann § 401.011(12). "The term includes an activity conducted on the premises of the employer or at other locations." *Id.* The term does not include:

(A) transportation to and from the place of employment unless:
    (i) the transportation is furnished as a part of the contract of employment or is paid for by the employer;
    (ii) the means of the transportation are under the control of the employer; or
    (iii) the employee is directed in the employee's employment to proceed from one place to another place; or
(B) travel by the employee in the furtherance of the affairs or business of the employer if the travel is also in furtherance of personal or private affairs of the employee unless:

Court to construe the policy's term in accordance with the "access" and/or "on premises" doctrines, which are applied in the workers' compensation cases to determine if an injury was "in the course and scope of employment" and therefore, is compensable. *See* Pl.'s Tr. Br. at 16–18.[2] In so arguing, Sentry pointed to no language in the policy that calls for applying such workers' compensation doctrines to construe the term at issue; nor did it point to any binding authority that interpreted the term in the way it proposed.[3]

The Rudolph Entities, on the other hand, urged that instead of applying the access doctrine from workers' compensation cases, the Court should apply the analysis of "within course and scope of employment" from common law vicarious liability cases. Defs.' Tr. Br. at

---

(i) the travel to the place of occurrence of the injury would have been made even had there been no personal or private affairs of the employee to be furthered by the travel; and
(ii) the travel would not have been made had there been no affairs or business of the employer to be furthered by the travel.

*Id.*

[2] The access doctrine "'is used by courts in workers' compensation cases as a limited exception to the more general rule recognizing that compensation benefits do not extend to injuries incurred by employees going to and from work.'" *Sentry Select*, 324 F. Supp. 3d at 885 (quoting *OCI Beaumont LLC v. Barajas*, 520 S.W.3d 83, 85 n.1 (Tex. App.—Beaumont 2017, no pet.)). The doctrine expands the scope of employment to include "cases in which the employer has evidenced an intention that the particular access route or area be used by the employee in going to and from work, and where such access route or area is so closely related to the employer's premises as to be fairly treated as a part of the premises." *Tex. Comp. Ins. v. Matthews*, 519 S.W.2d 630, 631 (Tex. 1974). According to one Texas appellate court, "[i]n Texas, the access doctrine has been applied when the injury occurs on or very near the employer's premises, but only when those premises of the employer are also the employee's place of work." *Turner v. Tex. Emp'rs' Ins. Ass'n*, 715 S.W.2d 52, 54 (Tex. App.—Dallas 1986, writ ref'd n.r.e.); *see also Bordwine v. Tex. Emp'rs' Ins. Ass'n*, 761 S.W.2d 117, 120 (Tex. App.—Houston [14th Dist.] 1988, writ denied) ("Where the injury occurs on a parking lot owned by the employer, and at the place of employment when the employee is either going to or from work and where the employee is authorized to park, the rule is almost universal that workers' compensation coverage attaches to the same extent as if the injury occurred on the main premises.").

[3] *Cf. United Teacher Assocs. Ins. v. Union Labor Life Ins.*, 414 F.3d 558, 565–66 (5th Cir. 2005) ("While decisions of intermediate state appellate courts provide guidance, they are not controlling. If a state's highest court has not ruled on the issue in question, a federal court must determine, to the best of its ability, what the highest court of the state would decide." (cleaned up)).

11–13, ECF No. 45; Defs.' Resp. to Pl.'s Tr. Br. at 4, ECF No. 46. Specifically, the Entities pointed out that under Texas law in order for an act to be done "within course and scope of employment," it is necessary that: (1) it be done within the general authority of the master (2) in furtherance of the master's business (3) and for the accomplishment of the object for which the servant is employed. Defs.' Tr. Br. at 13 (citing *London v. Tex. Power & Light Co.*, 620 S.W.2d 718, 720 (Tex. Civ. App.—Dallas 1981, no writ)).

Sentry, then, argued against the Rudolph Entities' position. It explained that "the language of the employer's liability exclusion is different from what is required to establish respondeat superior liability on the part of an employer," pointing out that for respondeat superior liability, a plaintiff must show "the employee was acting in the course **and scope** of the employment." Pl.'s Reply Tr. Br. at 5–6 (bold emphasis in original), ECF No. 49. Sentry claimed: "This is *far different* from the language of the employer's liability exclusion, which does not contain the 'scope of employment' requirement." *Id.* at 6 (emphasis added). To Sentry, this difference was "significant." *Id.* Yet, the access doctrine on which Sentry relied is an interpretation of "in the course and scope of employment," albeit a statutory phrase in the Texas Workers' Compensation Act. Tex. Lab. Code Ann §§ 406.031, 401.0112(12); *see generally Leordeanu v. Am. Prot. Ins.*, 330 S.W.3d 239, 240–45 (Tex. 2010) (discussing the statutory phrase "course and scope of employment," the "coming and going rule," and several exceptions to the rule); *Gibson v. Grocers Supply Co.*, 866 S.W.2d 757, 759 (Tex. App.—Houston [14th Dist.] 1993, no writ) (discussing access doctrine).

The Court declined Sentry's invitation to import the access doctrine to interpret the policy term (it also did not adopt the Rudolph's Entities' construction).[4] Specifically, in declining Sentry's invitation, the Court was guided by *Nautilus Insurance Company v. Zamora*, 114 F.3d 536 (5th Cir. 1997). There, as this Court explained, in construing an insurance policy term, the lower court imported the so-called "positional risk" theory that is commonly applied in workers' compensation cases, and making an *Erie* guess, the Fifth Circuit expressed doubts about the lower court's approach, stating: "'We cannot conclude . . . that the Texas Supreme Court would turn to workers' compensation principles as a means of interpreting the terms of an insurance contract.'" *Sentry Select*, 324 F. Supp. 3d at 885–86 (quoting *Zamora*, 114 F.3d at 537). Instead, this Court turned to dictionaries and prior court decisions interpreting same or similar provisions and construed the policy term "in the course of . . . [e]mployment" to mean "while the employee is performing work-related duties." *Id.* at 886. Applying that interpretation to the facts, the Court ultimately found that Villegas was not in the course of her employment when her injury occurred, and therefore, the exclusionary provision does not apply. *Id.* at 887.

Fast forward three years. In the instant motion, Sentry argues that the Court's ruling based on *Zamora* that the employer's liability exclusion does not apply is legally erroneous. Mot. to Reopen Case at 2–3, ECF No. 54. This is so because, Sentry claims, a "recent" decision issued by the Texas Supreme Court, namely *Painter v. Amerimex Drilling I, Ltd.*, 561 S.W.3d 125 (Tex. 2018), and a "just issued" Texas appellate court decision, namely *In re Rudolph Auto., LLC*, 616 S.W.3d 171 (Tex. App.—El Paso 2020), constitute "an intervening change in law"

---

[4] At this point in the Court's analysis, Sentry had the burden to show that the exclusion applies. *Turner v. Cincinnati Ins.*, 9 F.4th 300, 314 (5th Cir. 2021) ("If the insured carries its initial burden of showing that a claim is potentially within the scope of coverage, then the burden shifts to the insurer to show that a limitation or exclusion precludes coverage of all claims, also within the confines of the eight corners rule." (cleaned up)).

requiring the Court to vacate its prior ruling that Sentry has a duty to defend the Rudolph Entities. Mot. to Reopen Case at 1–2.

Briefly, *Painter* involved a vicarious lability claim against an employer based upon its employee's [such as Ruiz] negligence that caused personal injury to another [such as Villegas], and the claim required proof that the employee-wrongdoer "was acting in the course and scope of his employment." *Painter*, 561 S.W.3d at 131. In assessing what that element of proof requires, the Texas Supreme Court looked to the "coming-and-going" rule and an exception to the rule, namely "special mission," as they are applied in the workers' compensation context. *Id.* at 136–37. And in *In re Rudolph*, which was decided on a petition for writ of mandamus challenging a decision by the state trial court in the Underlying Lawsuit,[5] the Eighth Court of Appeals, in light of *Painter*, stated that the "on-premises/access" doctrine from workers' compensation cases applies to vicarious liability cases.[6]

---

[5] As set out *In re Rudolph*, the Underlying Lawsuit was tried to a jury, which returned a verdict on April 13, 2018. The jury awarded roughly $4 million to the plaintiffs, Juarez and Villegas, and found, among others, that neither Ruiz, nor Villegas, was acting in the course and scope of their employment at the time of the accident. After trial, the state trial judge granted Juarez and Villegas's motion for a new trial, in light of *Painter*, which was issued on the same day on which the jury reached the verdict. The Rudolph Entities filed a petition for writ of mandamus, challenging the trial judge's grant of new trial. On December 30, 2020, the Texas Eighth Court of Appeals denied the petition.

In February 2020, it appears, the Rudolph Entities appealed the denial to Texas Supreme Court—which is currently pending. Texas Judicial Branch, Case No. 21-0135, at https://search.txcourts.gov/Case.aspx?cn=21-0135&coa=cossup (last visited on Sept. 24, 2021).

[6] The Texas appellate court explained:

*Painter* [ ] does state that the coming-and-going rule applies to both workers' compensation and vicarious liability cases. . . . *Painter* [ ] dealt with and applied an exception to the coming-and-going rule known as the special mission exception to hold that there was a fact question on vicarious liability in the nonsubscriber context. It would follow that if the Supreme Court of Texas held in *Painter* [ ] that the coming-and-going rule applies across both the subscriber and nonsubscriber contexts, and *that one exception to the rule also applied, then logically speaking, another exception to the coming-and-going rule (the on-premises/access doctrine) could equally apply with force here.* Although we find that the

Relying on *Painter* and *In re Rudolph*, Sentry argues, "if workers' compensation principles apply in determining liability in the tort context, such principles should be considered in interpreting the employer's liability exclusion, since the policy is insuring against tort liability." Mot. to Reopen Case at 3.

Critically, the *Painter* decision was issued on April 13, 2018. That was two months before the Court issued its opinion on the duty to defend issue. And although *Painter* was decided about two months after the parties' briefing on the paper-trial was completed, Sentry never sought leave of the Court to file supplemental briefs addressing *Painter* before the Court ruled on the duty to defend issue. Sentry waited nearly three years to make the *Painter* argument. This delay, in and of itself, is a ground for denying request for reconsideration. Moreover, neither *Painter*, nor *In re Rudolph*, involves insurance contract interpretation. So, these cases do not undermine this Court's reliance on *Zamora*, 114 F.3d 536, in which, the Fifth Circuit, has interpreted an exclusionary provision identical to the one in this case.

Consequently, the Court, exercising its discretion, would deny Sentry's proposed motion for reconsideration, and therefore denies Sentry's motion to reopen the case. *Calpetco 1981 v. Marshall Expl., Inc.*, 989 F.2d 1408, 1415 (5th Cir. 1993) (concluding district court was not required to reconsider a summary judgment because plaintiff "belatedly came forward with evidence not submitted prior to the ruling," "[o]therwise, the cycle of reconsideration would be never-ending," and stating "a district judge must have considerable discretion in determining when enough is enough"); *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir.

---

general principles enunciated in *Painter* [ ] applied here, we do not otherwise decide whether there is a need for an access instruction as that issue is not now before us.

*In re Rudolph Auto.*, 616 S.W.3d at 193 n.10 (emphasis added).

1995) (rejecting a motion for reconsideration as a "second bite at the apple" and explaining that "[h]aving failed in its first effort to persuade the court," the plaintiff "simply changed theories and tried again").

## IV. CONCLUSION

Accordingly, **IT IS ORDERED** that Plaintiff Sentry Select Insurance Company's "Motion to Reopen Case" (ECF No. 54) is **DENIED**.

**So ORDERED and SIGNED this  28th   day of September 2021.**

_____
**DAVID C. GUADERRAMA**
**UNITED STATES DISTRICT JUDGE**